HENRY BESTE *et al.*, Appellants, *v.* HENRY S. BURGER *et al.*, Respondents.

*Court of Appeals, June* 29, 1888.

1. *Assignment for benefit of creditors. Partners.*—The surviving members of a firm are competent to make a general assignment for the benefit of creditors giving preferences.

2. *Evidence. Statements of assignor.*—Statements of the assignor, made several weeks after an assignment for the benefit of creditors, and when the assigned property was in the possession of the assignee, not offered for the purpose of contradicting or discrediting any witness, nor as any part of the *res gestæ*, are incompetent evidence against the assignee in an action to set the assignment aside as fraudulent.

Action brought by judgment-creditors of a firm to set aside an assignment made by surviving members of the firm for the benefit of creditors.

Appeal from a judgment of the general term of the court of common pleas in and for the city and county of New York, affirming a judgment in favor of defendants, entered upon a decision of the court.

*Frederic R. Coudert* and *Paul Fuller*, for appellants.

*W. W. MacFarland*, for respondents.

EARL, J.—This action was brought by the plaintiffs as judgment creditors of the firm of Burger, Hurlburt and Livingston, to set aside a general assignment made by the surviving members of that firm for the benefit of their creditors. The assignors and the assignee were made defendants. The action was brought to trial at a special term, and there the complaint was dismissed, and the judgment there entered was affirmed at the general term.

At the trial no evidence whatever was given of any actual fraud affecting the assignment and the sole contention of the plaintiffs, both at the special and general terms, appears to have been that the surviving members of the firm had no power to make the assignment. Since the decision of the general term we have in Williams *v.* Whedon (109 N. Y.; 15 N. Y. State Rep. 265), held that the surviving members of a firm are competent to make a general assignment for the benefit of creditors giving preferences, and it is now conceded on the part of the appellants that this judgment must be affirmed unless there was error at the trial in ruling upon evidence to which we will now call attention.

A witness was called by the plaintiffs who testified that he was a lawyer, having some connection with plaintiffs' attorneys; that he had conversations with some of the defendants constituting the firm of Burger, Hurlburt and Livingston; that he examined Hurlburt under oath in supplementary proceedings under one of the judgments mentioned in the complaint, and that Burger was present at the same time. That Hurlburt and Burger made statements to him at that time with reference to the amount of moneys drawn from the firm by one or more of the members thereof at or about the time of making the assignment.

He was then asked this question by plaintiffs' counsel: " Please state what they said upon the subject of any drafts

from the concern by any of the partners at or about the time of making the assignment?" This question was objected to by defendants' counsel on the ground that it was "an attempt to introduce admissions of a grantor made after the execution of the deed," counsel for the defendant Platt, the assignee, saying, "it is endeavoring to prove the admissions of the grantor after the grant has been made; that of course cannot be admitted under any circumstances. As I understand the law, any remarks or admissions of the grantor in the deed cannot be given after the execution of the conveyance." To this, counsel for plaintiffs replied : "That is true; there is legal good faith and good faith in fact. I simply want to prove that fact, or we can admit it, and allow your honor to determine afterwards." The court then sustained the objection, and counsel for plaintiffs excepted to the ruling. We think there was no error in excluding this evidence. The question related to a time several weeks subsequent to the assignment, and when the property assigned was in the possession of the assignee. The statements offered were not part of any *res gestæ*, and they were not offered for the purpose of contradicting or discrediting any witness produced by the defendants. Even if the statements would have been competent evidence against the parties who made them, it is well settled that they were not competent against the assignee. The attention of the court was not called to the fact that they might be competent evidence against the parties making them, and, when they were specially objected to on behalf of the assignee, the offer was still persisted in. Under such circumstances the plaintiffs cannot complain that the evidence offered against all the defendants was excluded. But, still further, the evidence appeared to be entirely immaterial, and no offer, statement or explanation was made by plaintiffs' counsel showing how it might become material. On the contrary, plaintiffs' counsel stated that he simply wanted to prove that fact, and, if that was all, its exclusion certainly did not

harm the plaintiffs. What did plaintiffs' counsel mean, when in reply to the statement of defendants' counsel, that "any admissions by the grantor after the grant has been made" cannot be given in evidence, he said : "that is true, there is legal good faith and good faith in fact ? " That language must have induced the court to suppose that he assented to the legal proposition made by the counsel for the defendants.

The evidence which the plaintiffs sought to give was therefore in any event incompetent as against the assignee, and it was so offered and so treated that there was no error in its entire exclusion. There was no further attempt upon the trial to prove any fraud, and it is a just inference that the main, if not the exclusive purpose of the plaintiffs, was to assail the assignment upon the ground above stated.

The judgment should be affirmed with costs.

All concur.